Filing # 168991725 E-Filed 03/17/2023 03:14:52 PM

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR SUWANNEE COUNTY, FLORIDA

ORLANDO MARTINEZ-LOPEZ and
MARTHA ALVAREZ,

CASE NUMBER: 23-CA-38

    Plaintiffs,
vs.

COMER ANTHONY BOWDEN and
COMER SON'S TRUCKING, LLC

    Defendants.
_____/

## COMPLAINT

Plaintiffs, ORLANDO MARTINEZ-LOPEZ and MARTHA ALVAREZ (collectively referred to as "Plaintiffs"), by counsel, hereby sue Defendants, COMER ANTHONY BOWDEN ("BOWDEN") and COMER SON'S TRUCKING, LLC ("CST") (collectively referred to as "Defendants"), and alleges:

1. This is an action for damages that exceed fifty thousand dollars ($50,000.00), excluding interest, costs and attorneys' fees.

2. Plaintiffs were at all times material hereto residents of Polk County, Florida.

3. Upon information and belief, Defendant BOWDEN was at all times material hereto a resident of Paragould, Arkansas; alternatively, Defendant is concealing his whereabouts and is thus amenable to service of process pursuant to Florida law.

4. Upon information and belief, Defendant CST was at all times material hereto a commercial carrier authorized to and conducting business in Suwannee County, Florida.

5. Pursuant to Section 47.011, Florida Statutes, venue is proper in Suwannee County, Florida as the facts giving rise to this action accrued therein.

6.  On January 19, 2023, upon information and belief, Defendant CST was the owner of a 2013 International Harvester (VIN: 3HSDJSJR2DN201006) truck (the "HARVESTER") that was involved in a motor vehicle collision with Plaintiffs.

7.  On January 19, 2023, BOWDEN operated the HARVESTER and was traveling west on I-10 near mile marker 272 in the outside lane. At the same time, Plaintiff, Orlando Martinez-Lopez, operated his vehicle at the same location, ahead of BOWDEN.

8.  On January 19, 2023, around 10:20 P.M., Defendant BOWDEN negligently operated and/or maintained the HARVESTER failing to maintain a proper distance and incurred in careless driving, thereby causing the front of the HARVESTER to forcefully collide with the rear of Plaintiffs' vehicle.

9.  Upon information and belief, at the time and place described in paragraphs seven (7) and eight (8), Defendant BOWDEN was operating the HARVESTER under the course and scope of his employment with Defendant CST and/or with either the express or implied consent of Defendant CST.

10. As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered bodily injury and resulting pain and suffering, aggravation of injuries, disability, loss of capacity for the enjoyment of life, medical care and treatment, mental anguish, loss of income, and loss of ability to earn money. These losses are either permanent or continuing indefinitely.

11. Plaintiffs have performed all conditions precedent to the maintenance of this action, or such conditions have been waived or excused.

## COUNT I – MOTOR VEHICLE NEGLIGENCE AGAINST DEFENDANT BOWDEN

12. The allegations in paragraphs one (1) through eleven (11) are realleged as if fully restated herein.

13. This is a claim for motor vehicle negligence against Defendant BOWDEN.

14. On January 19, 2023, at all times while operating the HARVESTER, Defendant BOWDEN had a duty of reasonable care to property, motor vehicles, and other drivers and their passengers in his operation of the HARVESTER.

15. Defendant, as the operator of the HARVESTER, also had a duty to maintain the motor vehicle to ensure it was in a reasonably safe driving condition.

16. On January 19, 2023, Defendant BOWDEN breached his duties of care by negligently operating and/or maintaining the HARVESTER by failing to maintain a proper distance and incurred in careless driving, thereby causing the front of the HARVESTER to forcefully collide with the rear of Plaintiffs' vehicle.

17. As a direct, legal, and proximate cause of Defendant BOWDEN's breach of his legal duties, Plaintiffs have been damaged as set forth in paragraph ten (10) herein.

WHEREFORE, Plaintiffs, ORLANDO MARTINEZ-LOPEZ and MARTHA ALVAREZ, demand judgment against Defendant, COMER ANTHONY BOWDEN, for damages and costs, and for such other and further relief as this Court may deem necessary and proper.

## COUNT II – PLAINTIFF'S *RESPONDEAT SUPERIOR* NEGLIGENCE AGAINST DEFENDANT CST

18. The allegations in paragraphs one (1) through eleven (11) and fourteen (14) through seventeen (17) are realleged as if fully restated herein.

19. This is a claim for negligence against Defendant CST through vicarious liability of its employees.

20. Upon information and belief, on January 19, 2023, at all material times hereto Defendant BOWDEN was acting within the course and scope of his employment with Defendant CST while operating the HARVESTER.

21. On January 19, 2023, Defendant BOWDEN was operating the HARVESTER with either the express or implied consent of Defendant CST.

22. On January 19, 2023, at all times while operating the HARVESTER, Defendant BOWDEN had a duty of reasonable care to property, motor vehicles, and other drivers and their passengers in his operation of the HARVESTER.

23. Defendant, as the operator of the HARVESTER, also had a duty to maintain the motor vehicle to ensure it was in a reasonably safe driving condition

24. On January 19, 2023, Defendant BOWDEN breached his duties of care by negligently operating and/or maintaining the HARVESTER by failing to maintain a proper distance and incurred in careless driving, thereby causing the front of the HARVESTER to forcefully collide with the rear of Plaintiffs' vehicle.

25. As Defendant BOWDEN was within the course and scope of his employment with Defendant CST at the time of the subject accident, Defendant CST is vicariously liable for Defendant BOWDEN's negligence through the doctrine of *respondeat superior*.

26. As a direct, legal, and proximate cause of Defendant CST's breach of its legal duties, Plaintiffs have been damaged as set forth in paragraph ten (10) herein.

WHEREFORE, Plaintiffs, ORLANDO MARTINEZ-LOPEZ and MARTHA ALVAREZ, demand judgment against Defendant COMER SON'S TRUCKING, LLC for damages and costs, and for such other and further relief as this Court may deem necessary and proper.

### COUNT III – PLAINTIFF'S MOTOR VEHICLE VICARIOUS LIABILITY CLAIM AGAINST DEFENDANT CST

27. The allegations in paragraphs one (1) through eleven (11), fourteen (14) through seventeen (17), and twenty (20) through twenty-six (26) are realleged as if fully restated herein.

28. This is a count by Plaintiffs for motor vehicle vicarious liability against Defendant CST and is being plead in the alternative to Plaintiffs' Count II against Defendant CST.

29. Defendant CST, as the owner of the HARVESTER, had a duty to maintain its motor vehicle to ensure that it was in a reasonably safe driving condition.

30. On January 19, 2023 Defendant CST granted either express or implied permission to Defendant BOWDEN to operate the HARVESTER.

31. On January 19, 2023, Defendant BOWDEN breached his duties of care by negligently operating and/or maintaining the HARVESTER by failing to maintain a proper distance and incurred in careless driving, thereby causing the front of the HARVESTER to forcefully collide with the rear of Plaintiffs' vehicle.

32. Defendant CST, as owner of the HARVESTER at the time of the collision described herein is vicariously liable for the negligent operation of the HARVESTER by Defendant BOWDEN.

33. As a direct, legal, and proximate cause of Defendant CST's breach of its legal duties, Plaintiffs have been damaged as set forth in paragraph ten (10) herein.

WHEREFORE, Plaintiffs, ORLANDO MARTINEZ-LOPEZ and MARTHA ALVAREZ, demands judgment against Defendant, COMER SON'S TRUCKING, LLC, for damages and costs, and for such other and further relief as this Court may deem necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues deemed so triable.

Submitted March 17, 2023, by:

s/ *DANIEL P. OSTERNDORF*
MATTHEW D. PARDY
Florida Bar Number: 0039438
DANIEL P. OSTERNDORF
Florida Bar Number: 119751
RAMON VAZQUEZ

Florida Bar Number: 196274
JEFFREY VIZCAINO
Florida Bar Number: 1002658
PARDY & RODRIGUEZ, P.A.
P.O. Box 3747
Orlando, Florida 32802-3747
Telephone: 407-481-0066 / Fax: 407-481-7939
Mpardy@pardyrodriguezlaw.com (primary)
Dosterndorf@pardyrodriguezlaw.com (primary)
Rvazquez@pardyrodriguezlaw.com (primary)
Jvizcaino@pardyrodriguezlaw.com (primary)
Jbarr@pardyrodriguezlaw.com (secondary)
Eservice@pardyrodriguezlaw.com (secondary)
Attorneys for Plaintiff