# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ORLANDO MARTINEZ-LOPEZ and
MARTHA ALVAREZ,

    Plaintiffs,

v.                                            Case No. 3:23-cv-736-TJC-LLL

COMER ANTHONY BOWDEN and
COMER SON'S TRUCKING, LLC,

    Defendants.
_____

GILBERTO LIMA,

    Plaintiff,

v.                                            Case No. 3:23-cv-869-TJC-JBT

DAVID L. HOWARD and GARRY
AND SON TRUCKING, INC.,

    Defendants.
_____

KEVIN KOACH and KRAIG KOACH,

    Plaintiffs,

v.                                          Case No. 3:23-cv-922-TJC-JBT

KYLE MAYNARD and
UNIVERSITY CORP.,

    Defendants.
_____

JAMES DAVIS,

    Plaintiff,

v.                                            Case No. 3:23-cv-930-TJC-JBT

RTM OPERATING COMPANY,

LLC, d/b/a ARBY'S #81,

    Defendant.

# **O R D E R**

Seventy-five thousand dollars isn't what it used to be, but with just a penny more, it's enough to invoke the federal court's diversity jurisdiction, provided other criteria are met. When a case is removed to federal court, it is the defendant's burden to demonstrate that the amount in controversy is in excess of $75,000, exclusive of interest and costs. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).[1] Sometimes the amount can be easily ascertained from the plaintiff's complaint (as with many breach of contract claims) but often, particularly with personal injury cases, the complaint gives little hint of the amount of damages beyond the state court jurisdictional minimum and generic conclusory allegations that the plaintiff has suffered, for example, bodily injury with resulting pain and suffering, disability, disfigurement, mental anguish, loss of earnings, aggravation of previously existing conditions, present and future medical expenses, hospital and nursing

---

[1] Even in the absence of a challenge, the Court has a duty to ensure its subject matter jurisdiction is properly invoked. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly [and] . . . all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted).

2

care, and the like.² In those instances, a defendant usually must point to something else in the state court record, its own evidence, or some "other paper" to meet its burden to demonstrate that the amount in controversy is in excess of $75,000. See 28 U.S.C. § 1446(b)(1), (b)(3) and (c)(3)(A); Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754-55, 759, 765-68 (11th Cir. 2010) (describing various evidentiary materials upon which defendants may rely to support the amount in controversy). The defendant's evidence as to the amount in controversy need not be proven beyond all doubt, but nor may it be based on mere speculation. Pretka, 608 F.3d at 752-54. Rather, a defendant must establish the amount in controversy by a preponderance of the evidence. Williams, 269 F.3d at 1319.

In 2019, the Florida Supreme Court amended the state court's civil cover sheet to include a line for an estimate of the amount of the claim for the purpose of data collection used to evaluate adjustments to the county court jurisdictional limit. See In re Amends. to Fla. Rules of Civ. Pro., Fla. Small Claims Rules, & Fla. Rules of App. Pro.—Jurisdiction, 283 So. 3d 802, 803, 805 (Fla. 2019). In response to comments raising a conflict between the new amendment and the law prohibiting the amount of damages from being included in personal injury

---

² Indeed, Florida law prohibits a personal injury or wrongful death plaintiff from including the amount of general damages sought in the complaint (beyond stating the requisite jurisdictional amount). Fl. Stat. § 768.042 (2020).

3

or wrongful death suits (Fl. St. § 768.042), as well as concern that the estimated amount could be used by the opposing party "for tactical reasons," the Florida Supreme Court further amended the civil cover sheet in 2020 to add six ranges for the amount of damages from "$8,000 or less" to "over $100,000" (as opposed to the specific sum requested in the previous version).  The Court also added the following statement:  "The estimated amount of the claim is requested for data collection and clerical processing purposes only.  The amount of the claim shall not be used for any other purpose."  In re Amends. to Fla. Rules of Civ. Pro., Fla. Small Claims Rules, & Fla. Rules of App. Pro.—Jurisdiction, 302 So. 3d 811, 812-13 (Fla. 2020).  As in the earlier version, the civil cover sheet is signed by the attorney or party certifying that the provided information "is accurate to the best of my knowledge and belief . . ."  Id. at 816.

The Court has taken under advisement a number of cases removed from state court on grounds of diversity jurisdiction where defendants rely on the Florida civil cover sheet as evidence supporting their representation that the amount in controversy exceeds $75,000.  As part of its consideration, the Court has reviewed decisions which find the amount stated on the civil cover sheet to be essentially irrelevant, taking the Florida Supreme Court at its word that the amount claimed "shall not be used for any other purpose" beyond the ministerial

4

reasons for which it is collected.³   See, e.g., Bernstein v. Clear Blue Spec. Ins. Co., No. 2:23-cv-902-SPC-KCD, 2023 WL 7284641, at *1 (M.D. Fla. Oct. 26, 2023) (remanding where defendant's only support for amount in controversy was Florida civil cover sheet which stated on its face that the information was collected for statistical purposes and "shall not be used for any other purpose"); Newman v. Wal-Mart Stores East, L.P., No. 3:23-cv-81-MMH-MCR, 2023 WL 2435814, at *3 (M.D. Fla. Feb. 28, 2023) ("This Court has previously cautioned that a state court civil cover sheet . . . is not evidence of the amount in controversy in any particular civil action."); Wade v. Evangelical Lutheran Good Samaritan Soc., No. 6:21-cv-1838-ACC-DCI, 2021 WL 10396363, at *2 (M.D. Fla. Nov. 9, 2021) (ordering defendant to supplement removal papers where civil cover sheet, which was only evidence upon which defendant relied, "is not a verified pleading or material evidence on the amount in controversy") (citation omitted); Dero Roofing, LLC v. Triton, Inc., No. 2:21-cv-688-SPC-MRM, 2021 WL 4205851, at *1 (M.D. Fla. Sept. 16, 2021) (same); Potter v. Coastal Auto. Reconditioning, LLC, No. 3:21-cv-461-MMH-MCR, 2021 WL 2103073, at *2 (M.D. Fla. May 25, 2021) (noting court had previously admonished [defendant] for relying on civil cover sheet, which is to be used for "data collection and clerical processing purposes" and not for "any other purpose"); Bell v. Ace Ins.

---

³ There are no Eleventh Circuit decisions on this issue.

Co. of the Midwest, No. 2:20-cv-309-JLB-NPM, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020) (noting that even if civil cover sheet stating claim was worth $400,000 had been served on defendant, relying on it as trigger to start removal clock "would contravene the Supreme Court of Florida's own rule prohibiting the use of information in the cover sheet for any purpose other than the State's collection of data"); Physicians Imaging—Lake City, LLC v. Nationwide Gen. Ins. Co., No. 3:20-cv-1197-J-34JRK, 2020 WL 6273743, at *3 n.3 (M.D. Fla. Oct. 26, 2020) (directing defendant to supplement notice of removal where civil cover sheet seeking $500,000 was "analogous to a barebones pre-suit demand letter" and, in the absence of any factual information, was insufficient to determine whether amount in controversy was satisfied); see also 14B Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc. § 3705 (5th ed., Sept. 2023 Update) (noting courts typically exclude civil cover sheets as irrelevant and speculative).

Other decisions (including some of my own) don't go quite as far, but still find that the civil cover sheet is insufficient on its own to establish the amount in controversy, absent other supporting evidence. See, e.g., Ghadiri v. Nordstrom Rack, No. 8:23-cv-1350-KKM-CPT, 2023 WL 8457403, at *2-3 (M.D. Fla. Nov. 28, 2023) (remanding where civil cover sheet, which "is little more than a bookkeeping tool for the state court system" was a "conclusory allegation" contradicted by certain allegations of plaintiff's complaint and

6

unsupported by any underlying facts); Cain v. Lowes Home Ctrs., LLC, No. 3:23-cv-790-TJC-PDB, 2023 WL 5153482, at *1 (M.D. Fla. Aug. 10, 2023) (remanding where absence of additional facts left only civil cover sheet as basis for removal, which was insufficient); Townson v. Brinker Florida, Inc., No. 3:23-cv-590-TJC-MCR, 2023 WL 3645608, at *1 (M.D. Fla. May 25, 2023) (directing defendant to file a jurisdictional supplement where general allegations of complaint, plaintiff's refusal to stipulate that she was not seeking an amount in excess of $75,000, and civil cover sheet stating damages exceeded $100,000, were insufficient, either individually or in combination, to satisfy defendant's burden as to amount in controversy); Mager v. Katz, No. 21-CV-62350-RAR, 2023 WL 3578989 (S.D. Fla. May 21, 2023) (remanding sua sponte after defendant failed to adequately supplement notice of removal to establish amount in controversy, noting that vague and conclusory nature of civil cover sheets do not lend toward their being considered in the absence of additional evidence); Bailey v. USAA Cas. Ins. Co., No. 3:23cv7757-TKW-ZCB, 2023 WL 3400592, at *1 n.2 (N.D. Fla. May 9, 2023) (directing defendant to supplement removal notice and noting that the amount checked on the civil cover sheet "is insufficient by itself to establish that the amount in controversy threshold is (or is not) met"); Chase v. Holidays CVS, LLC, No. 22-cv-20752-BLOOM/Otazo-Reyes, 2022 WL 2135446 (S.D. Fla. May 13, 2022) (remanding where defendant's only evidence of amount in controversy was civil cover sheet and

7

allegations of injuries of indeterminate dollar amount in complaint); Unwin v. Hartford Ins. Co. of the Midwest, No. 2:21-cv-135-SPC-NPM, 2021 WL 1821415 (M.D. Fla. Apr. 9, 2021) (granting motion to remand where defendant's evidence of amount in controversy included a $68,671 roofing estimate, statutory attorney's fees, and a civil cover sheet stating the amount of the claim exceeded $100,000); Global Shareholder Servs., Inc. v. Laurel Hill Adv. Grp., LLC, No. 8:21-cv-174-VMC-JSS, 2021 WL 2828324 (M.D. Fla. Feb. 4, 2021) (remanding where defendant's efforts to support amount in controversy fell short when $11,000 in damages was only evidence beyond civil cover sheet stating claim was worth $100,000); Durshimer v. LM Gen. Ins. Co., No. 8:20-cv-2014-T-33AEP, 2020 WL 5366721 (M.D. Fla. Sept. 8, 2020) (remanding where defendant failed to provide any additional factual support beyond policy limits and civil cover sheet stating amount of claim was $500,000).

Still other decisions, however, have found the civil cover sheet to be quite material, if not dispositive. For example, in Seaman v. Holiday CVS, LLC, No. 3:22-cv-76-BJD-PDB (Doc. 21) (M.D. Fla. July 12, 2022), the court denied a motion to remand where the complaint included only general allegations of damages, including those that were "permanent or continuing," and the Florida civil cover sheet estimated the amount of the claim was over $100,000. In so ruling, the court noted that the civil cover sheet estimate completed by plaintiff's lawyer was an "assertion by an officer of the court" and was "accurate

8

to the best of her knowledge and belief." Id. at 6. The court further observed that the Florida Supreme Court itself relies on information from civil cover sheets to make significant decisions about additional judgeships, which it would not do if the information was meaningless. Id. at 7 n.1. See also Ownbey v. Maynard, No. 3:23-cv-803-BJD-JBT (Doc. 7) (M.D. Fla. July 20, 2023) (denying motion to remand in face of general allegations of permanent or continuing injuries where plaintiffs' lawyer, an officer of the court, chose to estimate amount of claim at over $100,000 on civil cover sheet); Soto Rios v. Wal-Mart Stores East, L.P., No. 8:22-cv-1089-AAS, 2022 WL 2384021 (M.D. Fla. July 1, 2022) (remanding case based on untimeliness because the civil cover sheet (which estimated claim at $2,000,000) was a record from the state proceeding that should have alerted defendant that the case was immediately removable); Dawson v. Circle K Stores Inc., No. 4:20cv411-RH-MAF, 2020 WL 12279300 at *1-2 (N.D. Fla. Sept. 28, 2020) (denying motion to remand where the civil cover sheet sought $100,000, which did "not seem unrealistic" in a Florida whistleblower case where the plaintiff earned $22 per hour and sought front pay, back pay, emotional distress damages and attorney's fees).

The undersigned now seeks to reconcile these conflicting decisions and suggest a way forward for future cases.

Admittedly, the Florida Supreme Court states the civil cover sheet estimate of the amount of the claim is "for data collection and clerical processing

9

purposes only" and "shall not be used for any other purpose." In re Amends. to Fla. Rules of Civ. Pro., 302 So. 3d at 812-13. However, this statement does not bind a federal court trying to determine the amount in controversy for diversity jurisdiction. The civil cover sheet does appear to be some evidence of the value a plaintiff places on the claim. If a plaintiff selected one of the boxes to indicate the claim was worth less than $75,000, the Court would surely take that into consideration along with other evidence in assessing the amount in controversy. Likewise, when a plaintiff checks a box that the claim is worth more than $75,000, it must mean something, especially when a lawyer, an officer of the court, is completing the form, certifying that the provided information "is accurate to the best of [the lawyer's] knowledge and belief." Id. at 816. Nonetheless, when a civil cover sheet is the only evidence in addition to the generic conclusory allegations of nearly every personal injury complaint, this is not enough to satisfy the defendant's burden to demonstrate by a preponderance of the evidence that the amount in controversy is satisfied. Williams, 269 F.3d at 1319. Defendants must point to some additional evidence which, taken together with the civil cover sheet, establishes the amount in controversy. Typically, such evidence includes items such as demand letters (that are more than mere puffery), medical bills, responses to

10

requests for admission or other similar documentation. This also means that the civil cover sheet by itself does not trigger the running of the removal clock.[4]

Applying these principles, the Court now turns to the cases pending before it. In Martinez-Lopez v. Bowden, No. 3:23-cv-736-TJC-LLL, a rear-end collision case, defendants point to the following evidence in their notice of removal to establish the amount in controversy: plaintiffs' allegation in their complaint that damages are in excess of $50,000; the civil cover sheet stating damages are "over $100,000"; the nature of plaintiffs' alleged damages ("bodily injury and resulting pain and suffering, aggravation of injuries, disability, loss of capacity for the enjoyment of life, medical care and treatment, mental anguish, loss of income, and loss of ability to earn money" which are "permanent" or "continuing"); photographs of damage to plaintiffs' vehicle; and plaintiffs' failure to respond to a request to stipulate that the amount in controversy did not exceed $75,000.[5] See Doc. 4. To their credit, defendants acknowledge that their ability to rely on the civil cover sheet is unsettled.

---

[4]The Court recognizes that because judges do not take a uniform view of this issue, it leaves defendants in a predicament as to whether they will lose the opportunity to remove if they fail to do so within thirty days of their receipt of a civil cover sheet stating the amount in controversy exceeds $75,000. See, e.g., Soto Rios, 2022 WL 2384021, at *2 (finding removal was untimely because defendant did not remove within 30 days of receipt of civil cover sheet stating claim was worth $2,000,000.00). It is the undersigned's view that the removal clock should not begin to run in this circumstance. Perhaps this opinion will persuade my colleagues to agree.

[5] This was not a formal request for admission.

11

Plaintiffs did not move to remand but, in the absence of any information as to plaintiffs' medical treatment, expenses or the extent of their injuries or other damages, the limited record before the Court is insufficient to meet defendant's burden to show that the Court has jurisdiction. Defendants will be permitted to supplement the record. If they choose not to do so, the case will be remanded sua sponte.[6]

In <u>Lima v. Howard</u>, 3:23-cv-869-TJC-JBT, plaintiff alleges that he was injured in a motor vehicle accident. His complaint states his damages exceed $50,000 and he alleges suffering "bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity of the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life," injuries which are "either permanent or continuing." <u>See</u> Doc. 1-

---

[6] Defendants' supplement must also shore up the allegations regarding diversity of citizenship. Defendants rely on plaintiffs' complaint to state that plaintiffs and defendant Comer Anthony Bowden are citizens of Florida, but the complaint alleges their residency, not citizenship, and "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994). Defendants must also include information about the citizenship of every member of Comer Son's Trucking, LLC, not just the managing member. <u>See</u> <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (11th Cir. 2004).

12

1 at ¶¶9 & 14. He alleges his motor vehicle was also damaged. Id. The civil cover sheet states that the amount of the claim is over $100,000. Doc. 1-4 at pp. 1-3. Relying solely on the civil cover sheet for the amount in controversy, defendants removed the case to federal court. Plaintiff did not file a motion to remand but defendants will be required to show more. If they do not, the case will be remanded.[7]

In Koach v. Maynard, 3:23-cv-922-TJC-JBT, plaintiffs allege injuries from a rear-end collision. See Doc. 1-2. Both plaintiffs allege they suffered identical generic permanent and continuing injuries and other general damages. See Doc. 1-2 at ¶¶ 12, 20, 24, 32. Defendants removed the case pointing to the allegations of the complaint, the state court civil cover sheet stating the amount of the claim is over $100,000,[8] and referencing a demand for settlement from plaintiff Kraig Koach seeking $1,088,576 for his future pain and suffering alone. See Doc. 1. Plaintiffs did not move to remand. Responding to an order which found defendants' information as to amount in controversy insufficient (the information regarding citizenship is satisfactory), defendants continue to rely on the civil cover sheet, but also attach a copy of the

---

[7] Here too, defendants' supplement must cure defects regarding the citizenship of plaintiff and defendant David Howard. See Taylor, 30 F.3d at 1367.

[8] At the time the civil cover sheet was filed, Kevin Koach was the only plaintiff. Kraig Koach was added later. See Doc. 1-7 at 2, 5-9, 12-17.

13

demand letter outlining plaintiff Kraig Koach's treatment and injuries and explaining the basis for the pain and suffering calculation.[9]  See Doc. 6.  The demand letter explains that plaintiff Kraig Koach sought immediate medical care at a hospital for complaints of chest pain, followed by treatment with his primary care physician for fractured ribs, and later treatment for a medial meniscal tear in his left knee which may require surgery, and disc bulging in his neck which may require blocks.  No medical bills were attached to the filing, but the letter seeks $10 per waking hour for pain and suffering from the date of the accident to the present ($43,680) and, extrapolating into the future based on his life expectancy, an additional $1,088,576 for future pain and suffering.  The file also includes the traffic crash report, which states that the front airbags in plaintiffs' vehicle deployed, that the vehicle's damage was disabling and estimated at $10,000, that plaintiff Kevin Koach's level of injury severity was "possible" and plaintiff Kraig Koach's injury severity was "non-incapacitating."  See Doc. 1-4.  The report also states that the semi-trailer which hit plaintiffs' vehicle was estimated to be traveling at 70 miles per hour and that the impact caused plaintiffs' vehicle to collide with another vehicle and then rotate before coming to rest facing the opposite direction in the middle lane of I-75.

---

[9] Defendants' response also clarified that they were not aggregating plaintiffs' claims to arrive at the amount in controversy.  See Doc. 6.

14

Based on the report of the crash, the civil cover sheet, and the specific information in the demand letter, and drawing appropriate common-sense inferences therefrom,[10] the Court finds defendants have met their burden to demonstrate that the amount in controversy exceeds $75,000 exclusive of interest and costs, at least as to plaintiff Kraig Koach.  The Court will exercise supplemental jurisdiction as to plaintiff Kevin Koach.  The Court will separately issue a case management and scheduling order.

In Davis v. RTM Operating Company, LLC d/b/a Arby's #81, No. 3:23-cv-930-TJC-JBT, defendant's notice of removal relies only on the civil cover sheet (which checks the box indicating the claim is worth over $100,000) and the generic allegations of damages found in the slip and fall complaint (which seeks an amount in excess of $50,000, the state circuit court jurisdictional minimum). In the notice, defendant acknowledges that courts are not in agreement as to whether the civil cover sheet is enough.  In moving to remand, plaintiff states his medical bills (which defendant had not received at the time of removal because no discovery had taken place) total $9,373.46.  Defendant failed to respond to the motion to remand, presumably standing on its notice of removal.

---

[10] See Roe v. Michelin N. Amer., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."); Pretka, 608 F.3d at 754 (explaining that the court is permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from defendant's evidence of the amount in controversy).

15

The Court finds defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiff's motion to remand (Doc. 5) is due to be **granted**.[11]

Accordingly, it is hereby

**ORDERED:**

1. In Martinez-Lopez v. Bowden, Case No. 3:23-cv-736-TJC-LLL, defendant shall file a jurisdictional supplement, limited to 5 pages (exclusive of any exhibits), no later than **April 22, 2024**. The supplement shall address both the amount in controversy as well as the allegations of citizenship.

2. In Lima v. Howard, Case No. 3:23-cv-869-TJC-JBT, defendant shall file a jurisdictional supplement, limited to 5 pages (exclusive of any exhibits), no later than **April 22, 2024**. The supplement shall address both the amount in controversy as well as the allegations of citizenship.

3. In Koach v. Maynard, 3:23-cv-922-TJC-JBT, the Court is satisfied that its jurisdiction is properly invoked and will shortly issue a case management and scheduling order.

4. In Davis v. RTM Operating Company, LLC, Case No. 3:23-cv-930-TJC-JBT, plaintiff's motion to remand (Doc. 5) is **GRANTED**. This case is

---

[11] The Court additionally notes that defendant's statements regarding diversity of citizenship are inadequate. As noted above, it is citizenship, not residency, which controls. See Taylor, 30 F.3d at 1367.

The Court finds defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiff's motion to remand (Doc. 5) is due to be **granted**.[11]

Accordingly, it is hereby

**ORDERED:**

1. In Martinez-Lopez v. Bowden, Case No. 3:23-cv-736-TJC-LLL, defendant shall file a jurisdictional supplement, limited to 5 pages (exclusive of any exhibits), no later than **April 22, 2024**. The supplement shall address both the amount in controversy as well as the allegations of citizenship.

2. In Lima v. Howard, Case No. 3:23-cv-869-TJC-JBT, defendant shall file a jurisdictional supplement, limited to 5 pages (exclusive of any exhibits), no later than **April 22, 2024**. The supplement shall address both the amount in controversy as well as the allegations of citizenship.

3. In Koach v. Maynard, 3:23-cv-922-TJC-JBT, the Court is satisfied that its jurisdiction is properly invoked and will shortly issue a case management and scheduling order.

4. In Davis v. RTM Operating Company, LLC, Case No. 3:23-cv-930-TJC-JBT, plaintiff's motion to remand (Doc. 5) is **GRANTED**. This case is

---

[11] The Court additionally notes that defendant's statements regarding diversity of citizenship are inadequate. As noted above, it is citizenship, not residency, which controls. See Taylor, 30 F.3d at 1367.

remanded to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida.   Following remand, the Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 25th day of March, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Counsel of record
Clerk of Court, Fourth Judicial Circuit, in and for Duval County, Florida

17